UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KENDALE EUGENE ABEL JR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NICHOLAS MODESTO, )<br>JAMES C. HURT, )<br>ROGER SPURGEON, )<br>)<br>Defendants. ) | No. 1:22-cv-01694-TWP-MKK |

**Order Dismissing Complaint and Opportunity to Show Cause**

Plaintiff Kendale Eugene Abel is a prisoner currently incarcerated at Pendleton Correctional Facility. He filed his complaint while he was incarcerated at the Marion County Jail. In the complaint, he alleges that his constitutional rights were violated when he was denied proper medical treatment in the approximately six-and-a-half hours following his arrest. Because Mr. Abel is a "prisoner," this Court has an obligation to screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

Mr. Abel names three defendants in his complaint: Officer Nicholas Modesto, Detective James C. Hurt, and Captain Roger Spurgeon. He seeks money damages and a declaratory judgment.[1] He bases his complaint on the following allegations:

On June 9, 2020, Mr. Abel attempted suicide and accidentally shot and killed his girlfriend. Officer Modesto was the first officer to arrive on the scene. He knew that Mr. Abel had attempted suicide but held Mr. Abel at gunpoint until backup arrived. Then he arrested Mr. Abel, placed him in a squad car, and failed to call for medical assistance.

Detective James C. Hurt came to the scene after Officer Modesto called him. Mr. Abel told Detective Hurt that he had attempted suicide. Instead of taking Mr. Abel to the hospital, Detective Hurt took Mr. Abel to homicide for questioning. He interrogated Mr. Abel and ignored Mr. Abel's complaints of head pain. At the time, Mr. Abel had blood running down his neck.

Mr. Abel did not receive any medical attention for six hours, at which time medics examined him but did not even clean his wound.

All of these events occurred under the watch of Captain Roger Spurgeon.

---

[1] Mr. Abel does not allege a Fifth Amendment violation based on the use of his statements to police at trial. However, in his request for relief, he seeks an order directing the State of Indiana to pardon him or re-try him without use of the statements as evidence. Such relief is not available in this civil rights action. If Mr. Abel wants to have his conviction vacated, he must file a petition for writ of habeas corpus under 28 U.S.C. § 2254.

### III. Dismissal of Complaint

In his complaint, Mr. Abel alleges that he was deprived of adequate medical care in the hours following his arrest. *See* dkt. 1 at 4-5 ("I was subject to cruel and unusual punishment, intentional denial of needed medical care, and deliberate indifference to medical needs of a prisoner. My Fourteenth Amendment protection of life and health by administrative action was also violated."). He states that he is pursuing federal claims and alleges violations of his constitutional rights, so the Court understands his complaint as being brought under 42 U.S.C. § 1983.

Suits under 42 U.S.C. § 1983 use the statute of limitations and tolling rules that states employ for personal-injury claims. In Indiana, the applicable statute of limitations period is two years. *See Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012); Ind. Code § 34–11–2–4. All of the events described in the complaint occurred on June 9, 2020. Dkt. 1 at 6. But Mr. Abel did not even sign his complaint until August 9, 2022—which is more than two years after the events about which he complains. *Id.* at 8. "Although untimeliness is an affirmative defense, a complaint can be dismissed sua sponte if a valid affirmative defense is so plain from the face of the complaint that the suit is frivolous." *Baldwin v. Raemisch*, 788 F. App'x 390, 392 (7th Cir. 2019) (citing *Muhammad-Ali v. Final Call, Inc.*, 832 F.3d 755 (7th Cir. 2016)). Such is the case here. Accordingly, Mr. Abel's complaint is **dismissed** as frivolous.

### IV. Opportunity to Show Cause

Mr. Abel's complaint must be dismissed for the reasons set forth above. He shall have **through May 15, 2023,** in which to show cause why Judgment consistent with this Order should not issue. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case

could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."); *Jennings v. City of Indianapolis*, 637 F. App'x 954, 954–955 (7th Cir. 2016) ("In keeping with this court's advice in cases such as *Luevano* . . . , the court gave Jennings 14 days in which to show cause why the case should not be dismissed on that basis.").

**IT IS SO ORDERED.**

Date: 4/18/2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

KENDALE EUGENE ABEL JR.
290811
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064