UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KENDALE EUGENE ABEL JR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 1:22-cv-01694-TWP-MKK |
| NICHOLAS MODESTO, Reporting IMPD Officer, JAMES C. HURT, Detective, | ) ) ) ) ) |
| Defendants. | ) ) |

## ORDER GRANTING MOTION TO DISMISS
## AND DIRECTING ENTRY OF FINAL JUDGMENT

This matter is before the Court on the City Defendants' Motion to Dismiss filed by Defendants Nicholas Modesto ("Officer Modesto") and James C. Hurt ("Detective Hurt") (collectively, the "City Defendants") (Dkt. 43). Plaintiff Kendale Eugene Abel, Jr. ("Abel") initiated this action alleging violation of his Fourth Amendment rights under 42 U.S.C. § 1983 ("Section 1983"). City Defendants seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) asserting Abel's claim is barred by the statute of limitations and he should be afforded no protection by the discovery rule. Abel did not file a response to this Motion and the time to do so has expired. For the reasons explained in this Order, the Motion is **granted**.

### I. FACTUAL BACKGROUND

Abel signed his Complaint on August 9, 2022, (*see* Dkt 1 at 8); but it was not filed on the court docket until August 25, 2022. Abel alleges that on June 9, 2020, he attempted suicide and while doing so, accidently shot and killed his girlfriend. *Id*. at 3. Abel was also struck by a bullet during his attempted suicide, and he was suffering from head pain and difficulty hearing in the hours following the shooting. *Id*. at 4. Officer Modesto with the Indianapolis Metropolitan Police

Department ("IMPD") ""arrived on the scene and despite knowing that Abel had attempted suicide, he did not obtain medical treatment for Abel. After Detective Hurt was called to the scene, he also knew that Abel had attempted suicide, but rather than providing medical treatment for Abel, he took him to the homicide office for questioning. *Id*. at 4. Blood was running down Abel's shirt following the incident. *Id*. at 5. Detective Hurt did not obtain any medical treatment for Abel for approximately six hours, after which Abel was seen by medics. *Id*.

Abel was charged with murder as a Class A Felony in the Marion Superior Court on June 14, 2020 in Cause Number 49D27-2006-MR-019045 ("Cause 019045") (Dkt. 44 at 3). The Probable Cause Affidavit in support of the charges against Abel was filed in Cause 019045 on June 14, 2020. (Dkt. 41-1). Abel's two-day bench trial was held on June 7 and 8, 2022, and Abel was found guilty of murder. *Id*.

When originally screening the Complaint, the Court dismissed it because on its face it was filed outside the two-year statute of limitations that would apply to Abel's claims. (Dkt. 23.) However, the Court granted Abel the opportunity to show cause why the Complaint should not be dismissed before entering final judgment. *Id*. Thereafter, Abel filed a response alleging that he did not have any recollection of the events underlying his complaint until a recording of his interrogation by Detective Hurt was played at his trial for the murder of his girlfriend on "June 9, 2022." (Dkt. 24.) The Court reconsidered dismissal of the Complaint and allowed Abel's Fourth Amendment claims for delayed medical treatment after his arrest to proceed against Officer Modesto and Detective Hurt. (Dkt. 32.) However, the Court noted it was making "no finding as to whether [] Abel's claims are barred by the statute of limitations. . . ." *Id*. at 2.

On March 25, 2024, the City Defendants filed the instant Motion to Dismiss. (Dkt. 43.) The City Defendants asked the Court to take judicial notice of the filings in Marion Superior Court

2

27 in *State of Indiana v. Abel*, No. 49D27-2006-MR-019045, (Dkt. 44 at 6), which are accessible on the MyCase system operated by the Indiana Office of Judicial Administration. The documents in Cause 019045 show that on June 14, 2020, Abel was charged by information with the murder of his girlfriend. The probable cause affidavit filed in support of the charge affirms that after Officer Modesto arrived on the scene, he called Detective Hurt for assistance and Abel was transported to the IMPD homicide office to be interviewed. The affidavit then discusses Detective Hurt's interrogation of Abel in detail. At the end of that discussion, the affidavit states that Detective Hurt asked for medics to tend to Abel's head wound. There is no mention of either Officer Modesto or Detective Hurt seeking medical attention for Abel at an earlier time.

## II.  APPLICABLE LAW

To survive a motion to dismiss, a complaint need only "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing the sufficiency of a complaint, the court must accept all well-pled facts as true and draw all permissible inferences in the plaintiff's favor. *See Tucker v. City of Chi.*, 907 F.3d 487, 491 (7th Cir. 2018). Despite Abel's failure to file a response, he may withstand City Defendants' motion to dismiss if his well-pled facts support a claim for relief. *Curtis v. Bembenek*, 48 F.3d 281, 287 (7th Cir. 1995).

## III.  ANALYSIS

This case is before the Court under 42 U.S.C. § 1983. The statute of limitations for claims under § 1983 is borrowed from the state where the alleged incident occurred. *Cesal v. Moats*, 851 F.3d 714, 721–22 (7th Cir. 2017). Abel's injury occurred in Indiana, which has a two-year statute of limitations for personal injury claims. Ind. Code § 34-11-2-4(a); *Julian v. Hanna,* 732 F.3d 842, 844–45 (7th Cir. 2013). Indiana does not recognize a plaintiff's incarceration as a basis for tolling

the statute of limitations. *Bailey v. Faulkner*, 765 F.2d 102, 103 (7th Cir. 1985). A cause of action for an alleged Fourth Amendment search and seizure violation accrues at the time of the search or seizure. *Evans v. Poskon*, 603 F.3d 362, 363 (7th Cir. 2010) (citing *Wallace v. Kato*, 549 U.S. 384 (2007)).

Generally, a court should grant a motion to dismiss a claim as barred by the statute of limitations "only where the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense." *Sidney Hillman Health Ctr. of Rochester v. Abbott Lab'ys, Inc.*, 782 F.3d 922, 928 (7th Cir. 2015) (quoting *Chi. Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 613–14 (7th Cir. 2014)). "As long as there is a conceivable set of facts, consistent with the complaint, that would defeat a statute-of-limitations defense, questions of timeliness are left for summary judgment (or ultimately trial), at which point the district court may determine compliance with the statute of limitations based on a more complete factual record." *Sidney Hillman Health Ctr. of Rochester,* 782 F.3d at 928. On its face, the claims in Abel's Complaint fall outside the two-year statute of limitations that applies here.

In his response to the Court's previous show cause order, Abel argued that he did not actually discover the existence of a possible claim against the City Defendants until his murder trial in early June 2022. Indiana law provides that "'the statute of limitations does not begin to run until such time as the plaintiff knows, or in the exercise of ordinary diligence could have discovered, that he had sustained an injury as the result of the tortious act of another.'" *Saylor v. Reid*, 132 N.E.3d 470, 473 (Ind. Ct. App. 2019) (quoting *Biomet Inc. v. Barnes & Thornburg*, 791 N.E.2d 760, 765 (Ind. Ct. App. 2003)). Ordinary diligence "means simply that an injured party must act with some promptness where the acts and circumstances of an injury would put a person of common knowledge and experience on notice that some right of his has been invaded or that

4

some claim against another party might exist." *Id.* (cleaned up). "The discovery rule is not intended to toll the limitation period until optimal litigation conditions can be established." *Rieth-Riley Const. Co. v. Gibson*, 923 N.E.2d 472, 476–77 (Ind. Ct. App. 2010). Rather, it limits "the injustice that would arise by requiring a plaintiff to bring his or her claim within the limitation period during which, even with due diligence, he or she could not be aware a cause of action exists." *Id.* "For a cause of action to accrue, it is not necessary that the full extent of the damage be known or even ascertainable but only that some ascertainable damage has occurred." *Landmark Legacy, LP v. Runkle*, 81 N.E.3d 1107, 1117 (Ind. Ct. App. 2017).

A court may take judicial notice of matters of public record, including state court records, when ruling on a motion to dismiss based on the statute of limitations. *Ennenga v. Starns*, 677 F.3d 766, 773 (7th Cir. 2012). Taking judicial notice of such records does not convert a motion to dismiss into a motion for summary judgment. *Id.* "A court may take judicial notice of facts that are (1) not subject to reasonable dispute and (2) either generally known within the territorial jurisdiction or capable of accurate and ready determination through sources whose accuracy cannot be questioned." *Id.* at 773-74.

The Court finds it appropriate to take judicial notice of the records available on MyCase. Those records demonstrate beyond dispute that even if the Court were to accept that Abel had no independent recollection of the events of June 9, 2020, the State of Indiana plainly informed him of its version of those events in the probable cause affidavit filed on June 14, 2020, in support of bringing a murder charge against him. The probable cause affidavit clearly puts Abel on notice of the possibility that Officer Modesto and Detective Hurt delayed obtaining medical treatment for him on the night in question until after he had been arrested and interrogated. (See Dkt. 41-1). That information did not have to be perfectly clear on how long the delay was. A reasonable person

in Abel's situation could or should have read the publicly available probable cause affidavit which charged him with murder.[1]  Abel's Complaint was filed more than two years after the June 9, 2020 incident at issue and more than two years after the June 14, 2020 probable cause affidavit was filed.

The Court concludes that there is no "conceivable set of facts, consistent with the complaint, that would defeat a statute-of-limitations defense . . . ." *Sidney Hillman Health Ctr. of Rochester,* 782 F.3d at 928.  To defeat the motion to dismiss, Abel would need to show either that he brought the claims before the two-year period expired, or that some equitable doctrine tolls the statute under Indiana law.  *See Wabash Grain, Inc. v. Smith*, 700 N.E.2d 234, 239 n. 9 (Ind. Ct. App. 1998) (noting that Indiana does not recognize equitable tolling as it is defined under federal law but recognizes some form of equitable estoppel).  He has not done so.

"[A]lthough district courts must warn litigants before dismissing a case *sua sponte*, they need not do so when as here, the court is ruling on a motion filed by the opposing party. . . . The motion itself is the warning."  *Shaffer v. Lashbrook*, 962 F.3d 313, 316 (7th Cir. 2020).  The City Defendants have carried their burden of showing that dismissal based on the statute of limitations is warranted.  *See Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (movant must still show that dismissal is proper even if non-movant fails to respond).  Under these circumstances, it is not unjust or unfair to grant dismissal.

## IV. CONCLUSION

For the reasons explained above, the City Defendants' Motion to Dismiss, Dkt. [43], is **GRANTED** and Abel's claims are **dismissed with prejudice**.

---

[1] The Court need not examine whether Abel also was put on notice of the possibility of a claim against Officer Modesto and Detective Hurt as evidenced by the recording of his interrogation that was provided to his defense attorney by the prosecutor during discovery for the murder case.  The probable cause affidavit alone, which Abel could or should have read, even if not directly provided to him by his attorney, provides sufficient notice.

Final judgment will issue in a separate Order.

**SO ORDERED.**

Date: 7/10/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Kendale Eugene Abel, Jr., #290811
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
Pendleton, Indiana  46064

Michael Brian Coppinger, II
brian.coppinger2@indy.gov